UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV. 6626

-------------------------------------------------x

*Jongh Cetz, et al*                          :

Plaintiff(s),        :        __ Civ. ____ (WP4)(LMS/MDF/GAY)

-against-                              :        PRELIMINARY ORDER
                                              IN CASE DESIGNATED TO
*Xens, Inc*                              :        WP4 CALENDAR

Defendant(s).        :

-------------------------------------------------x

FILED
U.S. DISTRICT COURT
S.D. OF N.Y. W.P.
2007 JUL 24 A 8: 20

## ORDER TO PREPARE CIVIL CASE MANAGEMENT PLAN

Pursuant to Standing Order M-10-468, signed by Chief Judge Kimba M. Wood on

December 18, 2006, effective January 2, 2007 ("the Standing Order"), all civil cases assigned to

the WP4 docket are automatically referred to the designated Magistrate Judge for all purposes

permitted by law; all pretrial proceedings in such cases will be held before the designated

Magistrate Judge.  The instant Order shall issue in each such case upon designation and

automatic referral, and the Clerk shall deliver (1) the instant Order, along with a copy of (2) the

Standing Order, and (3) a Consent to Proceed Before a United States Magistrate Judge form to

Plaintiff's counsel upon filing.  Plaintiff's counsel is required to serve a copy of (1) this Order, (2)

the Standing Order, and (3) a Consent to Proceed Before a United States Magistrate Judge form

on any other party in this case, either by serving them along with the Summons and Complaint,

or, if service of the Summons and Complaint has been effected before receipt of this Order, by

service upon counsel after receipt of the Answer or its equivalent.  This Order shall be signed by

all three Magistrate Judges, and a photocopy or facsimile (including digital scan) of the signature page shall be sufficient to apply to all relevant cases.

In every WP4 case, except those exempted by action of Fed. R. Civ. P. 26(a)(1)(E), the parties are required to confer and prepare a case management plan, the outlines of which are set forth in the draft Civil Case Management Plan appended hereto. If the parties can agree upon such a plan it will ordinarily be incorporated into a Civil Case Management Plan Order to be issued at the initial pretrial conference; such an agreed-upon plan shall be submitted to the Court at the time of the initial pretrial conference, which will ordinarily be scheduled approximately 60 days after the initial Complaint is filed. The proposed case management plan shall provide for prompt exchange of disclosures required by Rule 26(a)(1), as well as for prompt completion of discovery, which is ordinarily within six months of the initial pretrial conference. Otherwise, the Court will impose a schedule at the initial pretrial conference.

Pursuant to Fed. R. Civ. P. 26(f), the parties shall also consider (1) the nature and basis of their claims and defenses; (2) the possibilities for prompt settlement or resolution of the case; (3) any issues relating to preservation of discoverable information, including electronically stored information; (4) any issues relating to discovery of electronically stored information, including the costs of production and the form(s) in which such discovery should be produced. Any agreement about these matters shall be incorporated into the Civil Case Management Plan. If there is a particular category or quantum of discovery which is necessary in order for the parties to be able to consider settlement prior to the completion of all discovery, that category or quantum of discovery should be specifically identified in the Civil Case Management Plan and shall be scheduled for completion as early as possible in the discovery process.

2

Any request for an adjournment or other scheduling change requires counsel to set up a conference call with the Chambers of the designated Magistrate Judge, with all counsel on the line, in order to expedite such scheduling changes.

The draft Civil Case Management Plan is available on the Court's website, and may be downloaded from any of the White Plains Magistrate Judge's individual practices pages for use in preparing a Civil Case Management Plan. See www.nysd.uscourts.gov.

## DISCOVERY ORDER

In order to facilitate the progress of pre-trial discovery of this litigation in a just, speedy and inexpensive manner, to insure compliance with the case management plan, and to prevent the accumulation of unresolved discovery issues, the following procedures will be followed for the resolution of discovery disputes:

The party objecting to disclosure, claiming an insufficient response to a discovery request, or asserting a privilege bears the burden of coming forward by bringing the dispute to the attention of the Court as hereinafter set forth.

The objecting party has 3 business days to attempt an amicable resolution of the dispute. If the dispute is not affirmatively resolved within 3 business days, the objecting party then has 5 business days to bring the issue to the attention of the Court by a letter brief limited to two (2) double spaced pages. Opposing parties have 5 business days thereafter to submit a two (2) page double spaced answering letter brief. If appropriate, counsel may annex to the letter briefs relevant portions (only) of relevant documents. Written replies will not be accepted. If the Court deems it necessary, the parties will have an opportunity to make oral replies to points made in the letter briefs on the return day of the matter.

3

When a legal privilege is asserted as a basis for refusing to comply with a discovery demand, the party asserting the privilege has 3 business days to attempt an amicable resolution of the dispute. If the dispute is not affirmatively resolved within 3 business days, the party asserting the privilege then has 5 business days to bring the issue to the attention of the Court by a letter brief limited to two (2) doubled spaced pages, accompanied by a privilege log in full compliance with Local Civil Rule 26.2(a)(1) and (2), and an *in camera* submission of legible copies of any material to which the privilege is asserted. If disclosure of the privilege would result in a revelation of privileged information, the party asserting the privilege shall file the log *in camera* with the Court, and serve a redacted log on the adverse party. Opposing parties have 5 business days to serve and file an answering two (2) page double spaced letter brief. No written replies will be accepted. If the Court deems it necessary the parties will have an opportunity to make oral replies to points raised in the letter briefs on the return day of the matter.

A dispute arises on the day when the discovery request or discovery response objected to is received by the adverse party. The time for asserting a privilege starts 5 business days from the day when counsel for the objecting party receives the documents from his or her client, but in no event more than 30 days from the date when the documents are demanded, unless otherwise ordered by the Court.

The time limitations set forth herein and in scheduling orders made by the Court, whether oral or in writing, are to be strictly observed, and the parties and counsel are not authorized to extend any of the set time limitations without the prior approval of the Court. Any objection to discovery which is not raised within these time limitations will be waived.

4

On matters assigned for pre-trial supervision any party wishing to file objections to a discovery ruling entered orally on the record shall, on the day of the ruling, order a transcript of the record setting forth the ruling. The transcript shall be ordered on a <u>two (2) day expedited</u> basis. The party shall then have <u>ten (10) days</u> from the date of the receipt of the record to file the objections with the Clerk of the Court, who shall refer the objection to an available District Judge. A failure to order the record in accordance with these directions may result in a failure to timely file objections.

The attention of counsel and the parties is respectfully directed to Federal Rule of Civil Procedure 30 (d) regarding the conduct of depositions. If a privilege objection is raised at a deposition counsel are directed to contact chambers by telephone from the deposition for a ruling.

<u>CONCLUSION</u>

This constitutes the applicable Order for establishing a Case Management Plan and for dealing with discovery disputes in this action.

Dated: January 8, 2007
      White Plains, New York

SO ORDERED:

MARK D. FOX
United States Magistrate Judge

LISA MARGARET SMITH
Chief United States Magistrate Judge

GEORGE A. YANTHIS
United States Magistrate Judge