WEISS & WEISS
ERIC WEISS, ESQ. (EW 2400)
Attorneys for Plaintiffs
1250 Central Park Avenue
Yonkers, NY  10704
(914) 375-0431

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

TOUGH CITY, INC. and SAMIR RAJPUT,

      Plaintiffs,
  v.

XENS, INC.,

      Defendant.
---------------------------------------------------------------x

Civil Action 07 Civ. 06626 (NRB)

**PROPOSED ORDER AND JUDGMENT**

HON. NAOMI REICE BUCHWALD, United States District Judge:

  Plaintiffs' Complaint seeking damages and a permanent injunction being unanswered by the defendant, and, therefore, plaintiff is entitled to the relief sought in its Complaint by default,

  NOW, therefore, it is hereby ordered, adjudged and decreed that:

  1. Defendant by the use of "TOUGH CITY" on its packaging and advertising has infringed on plaintiffs' trademark rights, and particularly U.S. Trademark Registration no. 3212473.

  2. Defendant, its directors, officers, agents, servants, employees and all persons acting otherwise in privity or in concert with defendant, are immediately and permanently enjoined from doing, abiding, causing or abetting, directly or indirectly, any of the following:

    (a) Infringing plaintiffs' trademark "TOUGH CITY," U.S. Trademark Registration no. 3212473,

(b) Using the trademark "TOUGH CITY" in connection with the sale of shoes and sneakers or other related goods or using in connection with the sale of shoes and sneakers or other related goods any words or letters that in any way imitate or simulate the trademark "TOUGH CITY" so as to be likely to cause confusion or mistake or to deceive;

(c) Engaging in any acts or activities calculated to trade on the trademark, reputation or good will of plaintiffs or in any manner to compete with the plaintiffs unfairly;

(d) Offering for sale, or using in the sale, promoting, advertising, marketing, or distributing of shoes and sneakers or related goods, or using on any packages, cartons, labels, display cards, wrappers, advertising matter or any other matter the trademark "TOUGH CITY" or any simulation or imitation of the trademark "TOUGH CITY" in such manner as to feature "TOUGH CITY" or any variant of it so as to cause confusion or to be likely to cause confusion or to deceive plaintiffs' customers and the purchasing public in general into believing that the goods sold by defendant are goods manufactured and sold by plaintiffs;

(e) Offering for sale, or using in the sale, promoting, advertising, marketing, or distributing of shoes and sneakers or related goods, or using on any packages, cartons, labels, display cards, wrappers, advertising matter or any other matter the trademark "TOUGH CITY" or any simulation or imitation of the trademark "TOUGH CITY" in such manner as to deceive or tend to deceive or to falsely designate the origin or to falsely describe or represent the source of the goods or otherwise create confusion among plaintiffs' customers and the purchasing public as to the source of origin of defendant's goods;

(f) Defendant deliver up for destruction any and all labels, packages, cartons, display pieces, wrappers, advertising material, letters, bill heads or any matter of any nature whatsoever bearing "TOUGH CITY" or any word, group of words, letter or group of letters that are a

colorable imitation of plaintiffs' trademark "TOUGH CITY" within _____ days from the date of this order.

    3  Plaintiffs are entitled to recover from defendant the profits, gains, and advantages which defendant has derived, received, and made, or which may have accrued to it, from sales made by defendant of shoes and sneakers bearing, or sold in packages bearing the name "TOUGH CITY," and all any all damages which plaintiffs have sustained or shall sustain by reason of defendant's infringement.

    4.  Defendant shall be required to account for and pay over to Plaintiffs all damages sustained by Plaintiff.

    5.  Defendants shall be required to account for and pay over to Plaintiff all profits realized by Defendants by reason of their unlawful acts of infringement and unfair competition and that such amounts be trebled, as provided by law.

    6.  Alternatively, Defendants shall be required to pay statutory damages in amount to be determined for their use of a counterfeit of Plaintiffs' registered trademark under 15 U.S.C. §1117(c).

    7.  Defendant be required to pay Plaintiffs' reasonable attorneys' fees and costs.

    8.  This cause is referred to a master to be selected by the Court. After appointment the master shall proceed to make and state an account of gains and profits, and to assess damages, and to report with all convenient speed; and defendant, its servants, attorneys, employees, workers, and confederates are directed and required to attend before the master from time to time as required, and to produce before the master such books, papers, vouchers and documents as the master may require.

**SO ORDERED.**

Dated:

```
                              _____
                              NAOMI REICE BUCHWALD, U.S.D.J.
```

tough.ord